UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DICKSON MWANGI KIGAA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIMOTHY ROBBINS, et al.,<br><br>　　　　Respondents. | No. CV 10-9287-SVW (PLA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR MOOTNESS AND FAILURE TO PROSECUTE** |

**I.**

**PROCEEDINGS**

On December 3, 2010, petitioner, then in the custody of the United States Department of Homeland Security, filed a Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241.  In the Petition, petitioner sought release from custody as authorities had not been able to effectuate his removal from the United States to Kenya or South Africa. (See Petition).  On December 7, 2010, the Magistrate Judge ordered a response to the Petition. On January 5, 2011, respondent filed a "Notice of Removal of Petitioner From United States; Suggestion of Mootness" (the "Notice"), in which respondent stated that on or about December 22, 2010, petitioner was removed from the United States pursuant to a United States Department of Homeland Security Warrant of Removal/Deportation.  (See Notice at p. 2; Notice, Exhibit A).

Respondent asserts in the Notice that because petitioner "has been removed from the United States, there is no further relief this Court can provide," and "[a]ccordingly, this case is moot." (Notice at p. 2).

On January 6, 2011, petitioner was ordered to show cause no later than January 27, 2011, why this habeas action should not be dismissed as moot. Petitioner was specifically advised that his failure to timely respond to the Order to Show Cause by January 27, 2011, could result in the dismissal of this action for failure to prosecute and follow Court orders.

The Magistrate Judge's clerk mailed petitioner a copy of the January 6, 2011, Order to the last mailing address provided by petitioner to the Court. However, that Order was returned to the clerk on January 14, 2011, with the handwritten notation "RTS/ Released."

**To date, petitioner has failed to respond to the Order to Show Cause, and his time to do so has passed. Petitioner has also failed to provide a current address in violation of Local Rule 41-6, and he has had no contact with the Court since filing the Petition on December 3, 2010.**

## II.
## DISCUSSION

**A.    Mootness**

Petitioner's case should be dismissed as moot, as it appears that he is no longer in federal custody. A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit through "all stages of federal judicial proceedings." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001). If it appears that the Court is without power to grant the habeas relief requested by a petitioner, the case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991). As petitioner has apparently already been removed from the United States, the Court is without power to grant the relief petitioner requested in the Petition -- i.e., to be released from United States custody. Thus, petitioner's case has been rendered moot. See Hose

v. I.N.S., 180 F.3d 992, 996 (9th Cir. 1999) (en banc) (holding that to the extent habeas petition requested stay of order of deportation, petition was rendered moot by petitioner's removal from the United States).

**B.    Failure to Prosecute or Follow Court Orders**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's conduct in failing to respond to the Magistrate Judge's Order to Show Cause or provide the Court with his current address hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). As petitioner was warned in the Magistrate Judge's December 7, 2010, Order, it is also petitioner's responsibility keep the Court notified of his current address. See Carey, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address. Local Rule [41-6's] practical effect is merely to encourage all pro se litigants, and not just pro se prisoners, to keep the court abreast of their current mailing addresses, as all other litigants are required to do, to enable the court to communicate with them when necessary."). Petitioner has not discharged these responsibilities. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders and Local Rule 41-6.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner in the December 7, 2010, and January 6, 2011, Orders that his failure to keep the Court informed of his current address and respond to the Order to Show Cause could result in dismissal of this action. Nonetheless, petitioner has not apprised the Court of his current address, responded to the Order to Show Cause, or had any contact with the Court since his apparent release from federal custody in December 2010.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the December 7, 2010, and January 6, 2011, Orders and by the notice provided by the existence of Local Rule 41-6. See Carey, 856 F.2d at 1441 (finding that a local rule mirroring Local Rule 41-6 "itself provided notice" that dismissal for failure to advise the court of a change in address was "imminent" and noting that "[a]dditional prior notice of imminent dismissal would be a futile gesture, given that the district court's prior mailing to [the pro se litigant] was returned as undeliverable").

1  In light of the foregoing, the Court finds that dismissal of this action is appropriate both
2 because petitioner's claims for relief are moot, and for petitioner's failure to prosecute and comply
3 with Court orders.  IT IS THEREFORE ORDERED that this action is **dismissed without**
4 **prejudice**.

6 DATED: 3/2/11

    _____
    HONORABLE STEPHEN V. WILSON
    UNITED STATES DISTRICT JUDGE